IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 7:05-526-HMH |
| vs. ) | |
| ) | |
| Todd Lamar Moss, ) | **OPINION AND ORDER** |
| ) | |
| Movant. ) | |

This matter is before the court on Todd Lamar Moss's ("Moss") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Moss's § 2255 motion.

## I. Factual and Procedural Background

Moss is currently incarcerated at Federal Medical Center Lexington in Lexington, North Carolina. On August 24, 2005, Moss pled guilty to one count of conspiring to distribute or possess with intent to distribute one hundred grams or more of heroin. On November 1, 2005, Moss was sentenced to one hundred fifty-one (151) months' imprisonment. David Plowden ("Plowden") represented Moss at his plea and sentencing.

Moss filed a direct appeal on November 9, 2005, and in an opinion dated August 31, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Moss's conviction and sentence. United States v. Moss, No. 05-5133, 2006 WL 2520299, at *1 (4th Cir. Aug. 31, 2006). The Fourth Circuit entered the mandate on November 9, 2006. Moss filed a petition for writ of certiorari with the United States Supreme Court, which the Court denied on June 29, 2007. Todd Lamar Moss v. United States, 127 S. Ct. 3060 (U.S. 2007).

Moss filed the instant § 2255 motion on June 26, 2008.[1] In his motion, Moss alleges that Plowden rendered ineffective assistance of counsel for failing to object to Moss's classification as a career offender pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. (Moss's Mem. Supp. § 2255 Mot. 1.) Specifically, Moss asserts that his prior conviction for failure to stop for a blue light did not constitute a crime of violence pursuant to § 4B1.1. (Id.) In addition, Moss contends that Plowden's failure to object to the career offender enhancement constituted ineffective assistance of counsel because the court's reliance on the failure to stop for a blue light conviction violated his Sixth Amendment right to a jury. (Id.) Finally, Moss alleges that he is actually innocent of the career offender enhancement, presumably based on his above argument that his conviction for failure to stop for a blue light did not constitute a crime of violence. (Id.)

## II. DISCUSSION OF THE LAW

As noted above, Moss alleges that Plowden provided constitutionally ineffective assistance of counsel by failing to object to the use of his prior conviction for failure to stop for a blue light as a predicate crime of violence for career offender purposes. (Id.) In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Moss must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Moss must demonstrate a "reasonable

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The court finds that Plowden did not render ineffective assistance of counsel by failing to object to the use of Moss's prior conviction for failure to stop for a blue light for purposes of classifying him as a career offender. U.S.S.G. § 4B1.1(a) provides that

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Moss contends that his prior conviction for failure to stop for a blue light should not have been classified as a crime of violence for purposes of § 4B1.1(a). However, the United States Court of Appeals for the Fourth Circuit has specifically found that failing to stop for a blue light qualifies as a crime of violence under South Carolina law. United States v. James, 337 F.3d 387, 390-91 (4th Cir. 2003); see also United States v. Riddle, No. 04-4393, 2006 WL 690947, at *1 (4th Cir. Mar. 17, 2006) (applying James to the career criminal calculations under U.S.S.G. § 4B1.1(a)). Therefore, Plowden's failure to object to the classification of Moss's conviction for failure to stop for a blue light as a crime of violence was not error and did not prejudice Moss.

For the same reason, Moss fails to demonstrate that he was "actually innocent" of the career offender enhancement. Moss does not argue that he was actually innocent of the conviction for failure to stop for a blue light, only that he was actually innocent of the career offender enhancement because it was improperly classified as a predicate offense. Because the court finds that the conviction was properly used as a predicate offense, Moss's argument is without merit.

3

Finally, the court did not violate the Sixth Amendment by relying on the conviction for failure to stop for a blue light as a predicate offense for the career offender enhancement. The Fourth Circuit has held that the Sixth Amendment "does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005). Instead the Sixth Amendment requires only that "a sentencing court cannot look beyond the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial judge to which the defendant assented to determine a disputed fact about a prior conviction." United States v. Collins, 412 F.3d 515, 521 (4th Cir. 2005).

At Moss's sentencing, the court did not determine any disputed fact about Moss's prior conviction for failure to stop for a blue light. (Sentencing Tr., generally.) As stated above, at the time of Moss's sentencing the Fourth Circuit had previously held that failing to stop for a blue light under South Carolina law categorically qualifies as a crime of violence. United States v. James, 337 F.3d 387, 390-91 (4th Cir. 2003). Because James disposed of the issue of whether a South Carolina conviction for failure to stop for a blue light constituted a crime of violence, "the facts necessary to support the enhancement inhere[d] in the fact of conviction." United States v. Thompson, 421 F.3d 278, 283 (4th Cir. 2005). Therefore, because there were no disputed facts regarding the conviction or whether it constituted a crime of violence, the court did not engage in any fact-finding that would potentially implicate the Sixth Amendment in its determination that the conviction constituted a crime of violence. See id. at 283-84 (holding that a district court did not violate the Sixth Amendment in its determination that a North Carolina burglary conviction

constituted a violent felony because the Fourth Circuit had previously determined that violations of the North Carolina statute must be violent felonies). Based on the foregoing, Moss's argument that Plowden rendered ineffective assistance of counsel by failing object to the court's determination of facts in violation of the Sixth Amendment is without merit.

It is therefore

**ORDERED** that Moss's § 2255 motion, docket number 150, is summarily dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 10, 2008

## NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.